ORIGINAL

FILED IN CLERK'S OFFICE

SEP 1 0 2004

LUTH~   ~   ~~~ , Clerk

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| MICHAEL SCOTT KREHER ) | **CIVIL ACTION** |
| ) | **NO.** |
| and ) | |
| ) | 1:04-CV-2651 |
| ROBERT G. ADAMS, JR., WILLIE ) | |
| M. ADAMS, III, CHAD A. ) | |
| ALEXANDER, KELVIN D. ALLEN,) | |
| KENNETH N ALLEN, RENATO ) | **WSD** |
| ANAYA, JR., STEPHEN M. ) | |
| BALKCOM, BRENDON M. ) | **PLAINTIFFS DEMAND** |
| BARTH, JULIA A. BATTLE, ) | **TRIAL BY JURY** |
| MARION A. BATTLE, LARRY D. ) | |
| BENNETT, RODNEY A. BETTIS, ) | |
| JASON L. BLACK, PALMA R. ) | |
| BOYD, JANET R. BRADY, DAVID ) | |
| C. BROWN, TIMOTHY S. BROWN,) | |
| LEROY BULLARD, RAYMOND S. ) | |
| BUNN, MICHAEL L. BUTLER, ) | |
| ADAM M. CARNEY, TONYA ) | |
| CARROLL-CRANE, CONSTANCE ) | |
| CARSON, MICHAEL CENTOLA, ) | |
| ANDREW CERUL, RICKY E. ) | |
| CHAMBERS, DAVID C. ) | |
| CLEMONS, CRAIG CONDON, ) | |
| WILLIAM S. COOPER, TODD ) | |
| COYT, JEFFREY K. CRENSHAW, ) | |
| MARK CROSS, MEREDITH ) | |
| CROWDER, GREGORY DABUAY, ) | |
| KEVIN M. DAKIN, RODNEY A. ) | |
| DANNENBERG, TRACEY DAVIS, ) | |
| WILLIAM DICKENS, ANDREW L. ) | |
| DORSEY, RALPHAEL A. ) | |
| DUNHAM, CHRISTOPHER ) | |



EHLBECK, CARL H. ELLIOTT,      )
RONNIE L. FERGUSON, IVANT T. )
FIELDS, BRITTNEY N. FISHER,      )
PAUL J. FISHER, KISHA FORD,      )
JASON FOUSE, CORD FRANKLIN,)
MARK A. GARDNER, STEVEN R.  )
GARONO, ANTWINE GILMORE,    )
MICHAEL GIUGLIANO, YORUBA )
GONZALEZ, ROBBI L. GORDON,   )
ANDREW T. GRIFFIN, JEFFREY S.)
GUNTER, GORDON G. HANLEY,   )
JR., EUGENE R. HARAGSIM,          )
JASON V. HARDER, HAL HARDY,)
SR., JOHN G. HARRELL, CAREY    )
HARRIS, DEONTAYE A. HARRIS, )
TODD HARRIS, ANDRE                   )
HARTLEY, ROBERT M. HAWES,    )
 DONALD L. HEATH, RICHARD     )
HEDGES, MATTHEW D.                  )
HENDERSON, WILLIAM E.            )
HONEA, JAMES HOOS, DAVID       )
HOPKINS, CEDRIC G. HOWARD,   )
MARILYN INGRAM-BIGHON,       )
DENNIS JIAS, KEITH E. JOHNSON,)
JOHN JOLY, KIM JONES, CAROL   )
JUHLS, KEVEN R. KNAPP,             )
THEODORE KOPACZ, JEFFREY    )
P. LAVALLEE, PERRY                   )
LAWRENCE, CHRISTOPHER         )
LEIGHTY, RICK LEWIS, PAULA    )
C. LYONS, DWAYNE B. MATHIS,  )
 JOSHUA D. MCCREADY,              )
STEPHEN M. MCGRATH, KELVIN )
J. MCNAIR, MARK E. MERRIMAN,)
NORMAN PAUL MERRITT,            )
CARLA J. MIDDLEBROOK,            )
BRIAN MILLSAP, STEPHEN C.      )

- 2 -

MORRIS, CHRISTOPHER L.              )
MUIR, GAYLE M. NICHOLS,             )
TRESA NORWOOD, SCOTT                )
OLIVER, CALVIN PLAMER,              )
WILLIAM A. PARTON, NEIL L.          )
PAYNE, STEVIE PAYNE,                )
ROBERTO L. PERDOMO,                 )
LUCY B. PETREUS, BRIAN J.           )
ETTIT, ALEX S. PORTER,              )
MICHAEL S. PULLIAM, DAVID           )
QUINN, MATTHEW M.                   )
RAMARGE, PATRICK J. REAGAN,)
NICOLE REDLINGER, WALTER            )
RIGGINS, ROBERT M. RODDY,           )
WALTER D. ROUNSOVZILLE,             )
TIMOTHY ROWE, THOMAS P.             )
ROWLEY, JR., ROBBIE D.              )
SCANDRICK, CHARLES W.               )
SENDLING, ANDREW                    )
C. SENZER, KAI SHAREEF,             )
CARL A. SMAIL, BRYAN G.             )
SMITH, JOHN SMITH, TONY C.          )
SMITH, JUSTIN SNELL, SHAWN          )
P. STAGGS, RALPH STARKS,            )
JEFFREY STEWART, DAVID T.           )
STRIBLING, R. T. SUMMERLIN,         )
DANIEL D. TORCHIA, LOUIS            )
TORRES, DAN A. TRIPP, JASON         )
A. TROMBLEY, PETER A.               )
TROTTA, CHRISTOPHER VALLE, )
JUSTIN E. VATH, VINCENT E.          )
VATH, VINCENT VELAZQUEZ,            )
MARCHEL WALKER, GARTRELL )
WALTON, DEWAYNE A.                  )
WARREN, NEIL J. WELCH,              )
J.L. WELDON, LENELL WHITSEY,)
ROBERT WILKIE,                      )

- 3 -

A.D. WILLIAMS, BYRON )
WILLIAMS, DARRELL LAMAR )
WILLIAMS, DENNIS WILSON, )
LI K. WONG, BRETT A. )
ZIMBRICK, and STEPHEN ZYGAJ, )
and OTHERS SIMILARLY )
SITUATED, )
)
       Plaintiffs, )
)
v. )
)
THE CITY OF ATLANTA, )
GEORGIA, a municipal corporation, )
)
       Defendant. )
)

## COMPLAINT

THE PLAINTIFFS, by their counsel, as and for their Complaint, respectfully allege the following:

### INTRODUCTORY STATEMENT

1.    PLAINTIFFS comprise CITY OF ATLANTA, GEORGIA sworn Police Officers, who seek to enforce their rights and privileges under the federal Fair Labor Standards Act, for overtime and other lawful monetary compensation which PLAINTIFFS allege is owed to them by the DEFENDANT CITY OF ATLANTA.

- 4 -

2.    Each PLAINTIFF, at relevant times, has faithfully and loyally served the CITY OF ATLANTA, by performing services for the police department, and performing valuable, difficult, and dangerous work and services on behalf of the citizens of the CITY OF ATLANTA.

3.    Each PLAINTIFF maintains great pride and respect for the CITY and Department which he or she serves.

4.    However, given the level of skill and difficulty required to perform these important tasks, and given the level of service which each PLAINTIFF believes he or she has provided as part of their job, PLAINTIFFS respectfully submit that the DEFENDANT CITY OF ATLANTA owes that much more of an obligation to each PLAINTIFF to comply with and adhere to the federal statutory and rule requirements, for accurate and fair payment of overtime compensation, as set forth below.

JURISDICTION

5.    PLAINTIFFS bring this action to recover unpaid overtime compensation and for other relief under the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § §201-219; hereinafter referred to as the "Act" or the "FLSA"), and for a declaratory judgment under 29 U.S.C. § §2201

- 5 -

and 2202.

6.     Jurisdiction over this action is conferred upon this Court by Section 16(b) of the Act (29 U.S.C. § §216(b)), by 28 U.S.C. §1331, and by 28 U.S.C. §1337.

## VENUE

7.     Venue in this action is properly laid in this Court by Section 16(b) of the Act (29 U.S.C. §216(b)) and also pursuant to 28 U. S. C. §1391(b).

## PARTIES

## PLAINTIFFS

8.     PLAINTIFFS are presently sworn Police Officers, employed at various times within the last three calendar years back from the date of the filing of this suit, by the DEFENDANT CITY OF ATLANTA in the ATLANTA POLICE DEPARTMENT.

9.     As such, PLAINTIFFS, in their various capacities, have also been required by their superiors to work with prosecutors, with victims, with confidential informants and cooperating witnesses, as well as with other law enforcement personnel in federal and other state and local jurisdictions, even when PLAINTIFFS are not specifically on-duty or at their customary work-sites.

- 6 -

10.    Pursuant to Section 16(b) of the Act (29 U.S.C. § §216(b)), the named PLAINTIFFS herein have executed and hereby file with the Court their Consents in writing to become party plaintiffs in this action (see Exhibit 1 attached hereto and made a part hereof, comprising each named PLAINTIFF'S Consent); and should additional plaintiffs SIMILARLY SITUATED seek to join this action, then their respective Consents will be similarly filed with the Court.

11.    The PLAINTIFFS are employees who are, or were, at all relevant times employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 3(s) of the Act (29 U.S.C. §203(s)).

12.    More specifically, each PLAINTIFF is a sworn Police Officer employed at relevant times herein by the CITY OF ATLANTA, and ATLANTA POLICE DEPARTMENT, and assigned as aforesaid.

13.    At all times material herein, the PLAINTIFFS have been entitled to the rights, protections and benefits provided under the FLSA.

DEFENDANT

14.    The DEFENDANT CITY OF ATLANTA (hereinafter also referred to as "DEFENDANT" or "CITY") is a municipal corporation organized under the laws of the State of Georgia.

- 7 -

15.     The DEFENDANT CITY is also an employer as defined by Section 3(d) of the Act (29 U.S.C. §203(d)), and is a "public agency" within 29 U.S.C. §203(x), with its principal place of business within the Northern District of Georgia, Atlanta Division.

16.     The DEFENDANT at all relevant times has been aware of the provisions of the FLSA, as amended, to-wit: 29 U.S.C. § §201, et seq.

17.     The DEFENDANT named in this action is also an enterprise, as defined by Section 3(r) of the Act (29 U.S.C. §203(r)).

## STATEMENT OF CLAIM

## COUNT ONE

### (Fair Labor Standards Act-Unpaid Overtime Hours Worked)

18.     Employees covered under the Act are entitled to overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week, except as otherwise provided in Section 7 of the Act (29 U.S.C. §207).

19.     Section 7(a)(1) of the Act (29 U.S.C. §207(a)(1)) specifically provides:

Except as otherwise provided in this section, no employer shall employ any

- 8 -

his employees who in any workweek is engaged in commerce or in the production

of goods for commerce, or is employed in an enterprise engaged in commerce or in

the production of goods for commerce, for a workweek longer than forty hours

unless such employee receives compensation for his employment in excess of the

hours above specified at a rate not less than one and one-half times the regular rate

at which he is employed.

20.     The PLAINTIFFS have, during the applicable statutory time periods,

worked in excess of the statutory maximum number of hours provided for in

Section 7(a)(1) of the Act (29 U.S.C. §207(a)(1)), without receiving compensation

for all such excess hours at a rate of one and one-half times the regular rate at

which the PLAINTIFFS are or were employed.

21.     These excess hours include, by way of example, but are not limited to:

compensable hours spent actually at work sites; and compensable hours incurred

during call-back, call-in, and/or standby status, including compensable hours spent

while in an on-call, call-in, and/or standby status.

22.     In particular, PLAINTIFFS are entitled to overtime compensation for

hours worked off-site and outside of scheduled on-site shift hours, when

PLAINTIFFS have been "engaged to wait" by the DEFENDANT CITY for

potential service calls by the DEFENDANT, or for waiting time between the end
of their duty shift and the commencement of their appearance in Court for purposes
of testifying as a witness, thereby preventing PLAINTIFFS from effectively using
this time for their own purposes, or otherwise substantially restricting or affecting
PLAINTIFFS' freedom  while in such status.

  23. In addition, these excess hours include, but are not limited to,  time
spent responding verbally to off-site and off-duty telephone calls, and other
requests for information; as well as conducting telephone and other
communications, and conversations with: prosecutors, other Atlanta police
officers, and with other City employees performing services for the police
department;  with other law enforcement persons, including federal, state, county
and local law enforcement officers, and other law enforcement persons in other
jurisdictions; with victims, complainants, and witnesses; and with confidential
police and law enforcement informants and cooperating witnesses, all as the result
of such off-site and off-duty calls, communications, and requests for information.

  24. The frequency of such off-site, off-duty calls, communications, and
requests for information to the PLAINTIFFS, and the PLAINTIFFS' time spent in
returning such calls, communications, and requests, on a daily and weekly basis

have been substantial and numerous, and constitute compensable hours worked under the Fair Labor Standards Act.

26.    Furthermore, additional excess hours for which overtime compensation is owed, include but are not limited to, for example,: arriving early at the work-site to commence work and leaving the work-site late in order to complete work; training functions and activities; employment and work activities while in the police training academy; and up-keep and maintenance of police equipment and property.

26.    The failure and refusal of DEFENDANT to compensate PLAINTIFFS at one and one-half times their regular rate for all such excess hours identified above is a violation of Section 7(a) of the Act (29 U.S.C. §207(a)).

27.    Such violation is redressable by the PLAINTIFFS as affected employees under Section 16(b) of the Act (29 U.S.C. §216(b)).

28.    The DEFENDANT, therefore, is liable to the PLAINTIFFS herein in the total amount of PLAINTIFFS' unpaid overtime compensation and an additional equal amount as liquidated damages, as well as an amount for reasonable attorneys' fees and for interest, together with the costs and expenses of this action.

29.    DEFENDANT'S violation of the FLSA as alleged herein has also

been done in a "willful" manner, as defined under the Act; and the failure and

refusal by DEFENDANT to pay such compensation is a willful violation of

Section 7(a) of the Act (29 U.S.C. §207(a)) within the meaning of the applicable

statute of limitations (29 U.S.C. §255(a)), for which DEFENDANT is liable.

30.     Therefore, PLAINTIFFS herein are entitled to all such unpaid

overtime compensation owed to them, and an additional equal amount as

liquidated damages, for any such unpaid hours worked by them at any time during

the three-year period immediately preceding the commencement of this action.

31     The DEFENDANT is under a duty imposed by 29 U.S.C. §211(c) and

the regulations of the United States Department of Labor to maintain and preserve

payroll and other employment records with respect to PLAINTIFFS from which

the amounts of DEFENDANT'S overtime liability can be ascertained.

32.     Since, however, the employment and work records for PLAINTIFFS

are in the exclusive possession, custody and control of the DEFENDANT,

PLAINTIFFS are unable to state precisely at this time the exact amount owing to

them under this Count One, but do allege that they are due substantial

compensation from DEFENDANT under the Act.

## COUNT TWO

(Fair Labor Standards Act - alternate 7(k) claim)

33.    PLAINTIFFS repeat and reallege the allegations contained in the foregoing Paragraphs 1 through 32 and incorporate the foregoing allegations by reference herein as if repeated and realleged in full.

34.    This Count Two is set forth as an alternate claim to the claims asserted above in Count One (paragraphs 1 through 32).

35.    In the event that it may be determined that the PLAINTIFFS, or any of them, are employees covered under the limited overtime exemption set forth in 29 U.S.C. §207(k), and only in that event, then the PLAINTIFFS, or any of them who are ultimately found to be covered by such partial exemption, allege in the alternative that they are employees "in law enforcement activities" under 29 U.S.C. §207(k).

36.    At all pertinent times herein, the DEFENDANT has violated, and is continuing to violate, 29 U.S.C. §207(k) and the regulations of the U. S. Department of Labor, by failing and refusing to pay all applicable FLSA overtime compensation to PLAINTIFFS at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of the hourly standard

- 13 -

applicable to law enforcement employees under 29 U.S.C. §207(k).

37.     The DEFENDANT'S violation of the FLSA as alleged herein has
been done in a "willful" manner, as defined under the Act.

38.     As a result of the aforesaid willful violations of the FLSA, overtime
compensation has been unlawfully withheld by DEFENDANT from PLAINTIFFS
for which DEFENDANT is liable for the three-year period immediately prior to
the filing of this action, pursuant to 29 U.S.C. §216(b), for any such unpaid hours
worked by them at any time during such period together with an additional equal
amount as liquidated damages, interest, reasonable attorneys' fees and the costs of
this action.

39.     The DEFENDANT is under a duty imposed by 29 U.S.C. §211(c) and
the regulations of the United States Department of Labor to maintain and preserve
payroll and other employment records with respect to PLAINTIFFS from which
the amounts of DEFENDANT'S liability can be ascertained.

40.     Since, however, the employment and work records for PLAINTIFFS
are in the exclusive possession, custody and control of the DEFENDANT,
PLAINTIFFS are unable to state precisely at this time the exact amounts owing to
them under this Count Two, but do allege that they are due substantial

compensation from DEFENDANT under the Act.

## COUNT THREE

(Fair Labor Standards Act – Forced Compensatory Time In Lieu Of Overtime Pay)

41.    PLAINTIFFS repeat and reallege the allegations contained in the foregoing Paragraphs 1 through 40 and incorporate the foregoing allegations by reference herein as if repeated and realleged in full.

42.    In addition to the substantial hours worked off-the-clock, as alleged in the forgoing Counts One and Two, and for which PLAINTIFFS have not been properly compensated for overtime as required under the Act, to the extent that PLAINTIFFS have been compensated for any overtime worked during the preceding three years such compensation has been in the form of compensatory time off in lieu of cash payment, which is also a violation of the Fair Labor Standards Act.

43.    More specifically, Section 7(o) requires that overtime hours worked be compensated in the form of cash as opposed to compensatory time off, except that under certain circumstances, certain public employers may pay the employee overtime in the form of compensatory time off in lieu of cash, only where the employer has reached an agreement with the specific employee at issue "arrived at

- 15 -

between the employer and employee before the performance of the work..." FLSA Section 7(o) (1), (o) (2) (A) (ii).  Department of Labor ("DOL") Regulation 553.21.

44.     In particular, Section 7(o), DOL Regulation 553.23(a)(1) specifically mandates that, "As a condition for use of compensatory time in lieu of overtime payment in cash, Section 7(o)(2)(A) of the Act requires an agreement or understanding reached prior to the performance of work."

45.     Moreover, as set forth under DOL Regulation 553.23(a)(1), under the circumstances of the PLAINTIFFS and their employment relationship with the DEFENDANT CITY and the ATLANTA POLICE DEPARTMENT, "compensatory time may be used in lieu of cash overtime compensation only if such an agreement or understanding has been arrived at between the public agency and the individual employee before the performance of work."

46.     Likewise, as to any such agreement between the employer and any individual employee to pay compensatory time off in lieu of cash for overtime under the Act, "a record of its existence must be kept" by the employer. DOL Regulation 553.23(c)(1).

47.     Although each of the individual PLAINTIFFS herein has been

- 16 -

required by the DFENDANT CITY to be paid in the form of compensatory time
off in lieu of cash payments for any overtime worked under the Act which was
performed during any part of the preceding three (3) years prior to the filing of this
action, <u>no</u> such agreement for the payment of such compensatory time in lieu of
cash has been reached between the DEFENDANT CITY and any of the individual
PLAINTIFFS before the performance of the work, as required by Section 7 of the
Act and the applicable DOL regulations thereunder.

48.    Nor is there any record of the existence of any such agreement
between the DEFENDANT CITY and any individual PLAINTIFF as required by
the applicable DOL regulations, precisely because there have been no such
agreements in fact between the DEFENDANT CITY and any individual
PLAINTIFF.

49.    In addition, even if, <u>arguendo</u>, the DEFENDANT CITY'S payment to
PLAINTIFFS of compensatory time off in lieu of cash payments for overtime
worked under the Act were, hypothetically, permissible under the Act and the
applicable DOL Regulations thereunder (which PLAINTIFFS contend above is not
so permissible), nevertheless such payments are further violative of the Act and the
DOL Regulations thereunder, because, "The Act requires that compensatory time

under Section 7(o) be earned at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by section 7," DOL Regulation 553.22(b), but the DEFENDANT CITY has failed to pay such compensatory time off to the PLAINTIFFS at such "time-and-a-half" rate.

50.     PLAINTIFFS further allege that the DEFENDANT CITY'S past use of compensatory time off in lieu of cash payments for overtime worked by PLAINTIFFS under the Act  otherwise violates the Fair Labor Standards Act and applicable DOL Regulations promulgated thereunder; and that the DEFENDANT CITY has otherwise failed to comply with all lawful conditions and requirements necessary for the proper and lawful use of such compensatory time off in lieu of cash payments for overtime worked by PLAINTIFFS as sworn CITY OF ATLANTA Police Officers.

51.     The DEFENDANT, therefore, is liable to the PLAINTIFFS herein in the total amount of PLAINTIFFS' unpaid overtime compensation as alleged under this Count Three and an additional equal amount as liquidated damages, as well as an amount for reasonable attorneys' fees and for interest, together with the costs and expenses of this action.

52.     DEFENDANT'S violation of the FLSA as alleged herein in Court

- 18 -

Three has also been done in a "willful" manner, as defined under the Act; and the failure and refusal by DEFENDANT to pay such compensation is a willful violation of Section 7(a) of the Act (29 U.S.C. §207(a)) within the meaning of the applicable statute of limitations (29 U.S.C. §255(a)), for which DEFENDANT is liable.

53.    Therefore, PLAINTIFFS herein are entitled to all such unpaid overtime compensation owed to them, and an additional equal amount as liquidated damages, for any such unpaid hours worked by them at any time during the three-year period immediately preceding the commencement of this action.

54.    The DEFENDANT is under a duty imposed by 29 U.S.C. §211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to PLAINTIFFS from which the amounts of DEFENDANT'S overtime liability can be ascertained.

55.    Since, however, the employment and work records for PLAINTIFFS are in the exclusive possession, custody and control of the DEFENDANT, PLAINTIFFS are unable to state precisely at this time the exact amount owing to them under this Count One, but do allege that they are due substantial compensation from DEFENDANT under the Act.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully pray for relief from this Court as follows:

A.      That PLAINTIFFS be awarded a declaratory judgment declaring that the DEFENDANT has willfully and wrongfully violated DEFENDANT'S statutory and legal obligations, and has deprived the PLAINTIFFS of their rights, protections and entitlements under federal law, as alleged herein;

B.      That the Court order a complete and accurate accounting of all of the compensation to which the PLAINTIFFS are entitled;

C.      That judgment be awarded PLAINTIFFS against the DEFENDANT, awarding each PLAINTIFF monetary damages in the form of back pay compensation, and liquidated damages equal to their unpaid compensation, as well as pre-judgment and post-judgment interest;

D.      That PLAINTIFFS be awarded a reasonable attorneys' fee, as permitted by statute and Court rule;

E.      That PLAINTIFFS be awarded their costs and expenses in connection with this action; and

F.      That the Court grant such other and further relief as is necessary to

protect, preserve, and vindicate the rights of PLAINTIFFS, including, but not

limited to, an Order directing that prospective or future compensation to

PLAINTIFFS herein be in accord with the FLSA, and other pertinent federal law

and regulations.


MICHAEL SCOTT KREHER

and

ROBERT G. ADAMS, JR., WILLIE M. ADAMS, III,
CHAD A. ALEXANDER, KELVIN D. ALLEN,
KENNETH N ALLEN, RENATO ANAYA, JR.,
STEPHEN M. BALKCOM, BRENDON M. BARTH,
JULIA A. BATTLE, MARION A. BATTLE, LARRY D.
BENNETT, RODNEY A. BETTIS, JASON L. BLACK,
PALMA R. BOYD, JANET R. BRADY, DAVID C.
BROWN, TIMOTHY S. BROWN, LEROY BULLARD,
RAYMOND S. BUNN, MICHAEL L. BUTLER, ADAM
M. CARNEY, TONYA CARROLL-CRANE,
CONSTANCE CARSON, MICHAEL CENTOLA,
ANDREW CERUL, RICKY E. CHAMBERS, DAVID C.
CLEMONS, CRAIG CONDON, WILLIAM S. COOPER, TODD COYT,
JEFFREY K. CRENSHAW, MARK CROSS, MEREDITHCROWDER,
GREGORY DABUAY, KEVIN M. DAKIN, RODNEY A. DANNENBERG,
TRACEY DAVIS, WILLIAM DICKENS, ANDREW L. DORSEY, RALPHAEL
A. DUNHAM, CHRISTOPHER EHLBECK, CARL H. ELLIOTT, RONNIE L.
FERGUSON, IVANT T. FIELDS, BRITTNEY N. FISHER, PAUL J. FISHER,
KISHA FORD, JASON FOUSE, CORD FRANKLIN, MARK A. GARDNER,
STEVEN R. GARONO, ANTWINE GILMORE, MICHAEL GIUGLIANO,
YORUBA GONZALEZ, ROBBI L. GORDON, ANDREW T. GRIFFIN,
JEFFREY S. GUNTER, GORDON G. HANLEY, JR., EUGENE R. HARAGSIM,
JASON V. HARDER, HAL HARDY, SR.,  JOHN G. HARRELL, CAREY

HARRIS, DEONTAYE A. HARRIS, TODD HARRIS, ANDRE HARTLEY,
ROBERT M. HAWES, DONALD L. HEATH, RICHARD HEDGES, MATTHEW
D. HENDERSON, WILLIAM E. HONEA, JAMES HOOS, DAVID HOPKINS,
CEDRIC G. HOWARD, MARILYN INGRAM-BIGHON, DENNIS JIAS, KEITH
E. JOHNSON, JOHN JOLY, KIM JONES, CAROL JUHLS, KEVEN R. KNAPP,
THEODORE KOPACZ, JEFFREY P. LAVALLEE, PERRY LAWRENCE,
CHRISTOPHER LEIGHTY, RICK LEWIS, PAULA C. LYONS, DWAYNE B.
MATHIS, JOSHUA D. MCCREADY, STEPHEN M. MCGRATH, KELVIN J.
MCNAIR, MARK E. MERRIMAN, NORMAN PAUL MERRITT, CARLA J.
MIDDLEBROOK, BRIAN MILLSAP, STEPHEN C. MORRIS, CHRISTOPHER
L. MUIR, GAYLE M. NICHOLS, TRESA NORWOOD, SCOTT OLIVER,
CALVIN PLAMER, WILLIAM A. PARTON, NEIL L. PAYNE, STEVIE
PAYNE, ROBERTO L. PERDOMO, LUCY B. PETREUS, BRIAN J. PETTIT,
ALEX S. PORTER, MICHAEL S. PULLIAM, DAVID QUINN, MATTHEW M.
RAMARGE, PATRICK J. REAGAN, NICOLE REDLINGER, WALTER
RIGGINS, ROBERT M. RODDY, WALTER D.  ROUNSOVZILLE, TIMOTHY
ROWE, THOMAS P. ROWLEY, JR., ROBBIE D. SCANDRICK, CHARLES W.
SENDLING, ANDREW C. SENZER, KAI SHAREEF, CARL A. SMAIL,
BRYAN G. SMITH, JOHN SMITH, TONY C. SMITH, JUSTIN SNELL,
SHAWN P.  STAGGS, RALPH STARKS, JEFFREY STEWART, DAVID T.
STRIBLING, R. T. SUMMERLIN, DANIEL D. TORCHIA, LOUIS TORRES,
DAN A. TRIPP, JASON A. TROMBLEY, PETER A. TROTTA, CHRISTOPHER
VALLE, JUSTIN E. VATH, VINCENT E. VATH, VINCENT VELAZQUEZ,
MARCHEL WALKER, GARTRELL WALTON, DEWAYNE A. WARREN,
NEIL J. WELCH, J.L. WELDON, LENELL WHITSEY, ROBERT WILKIE, A.D.
WILLIAMS, BYRON WILLIAMS, DARRELL LAMAR WILLIAMS, DENNIS
WILSON, LI K. WONG, BRETT A. ZIMBRICK, and STEPHEN ZYGAJ, and
OTHERS SIMILARLY SITUATED,

By and through their undersigned counsel this 10th day of September, 2004.

PLEASE DESIGNATE AS
LEAD COUNSEL AND SERVE
ALL NOTICE UPON:

Lance Warren Tyler
Staff Attorney
Georgia Bar No. 721155

Pamela Johnson
Staff Attorney
Georgia Bar No. 395067

International Brotherhood
of Police Officers
581 Simpson Street, N.W.
Atlanta, GA 30314-3839
(404) 521-9043

- 23 -

## **EXHIBIT A**

## **PLAINTIFFS' CONSENTS**

UNITED STATES DISTRICT COURT
_____ N. _____ DISTRICT OF GEORGIA

MICHAEL SCOTT KREHER, et al ,

        Plaintiff.

   -against-               Civil Action No

CITY OF ATLANTA, GEORGIA

        Defendant,

### CONSENT TO BECOME A PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose

Name   *ROBERT G. ADAMS, JR.*

Home Address   *100 RIDGE POINTE*
                            *STOCKBRIDGE, GA. 30281*

SS #   *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*

Employment Address   *675 PONCE DE LEON AVE., NE*
                                   *ATLANTA, GA.*

Job Title(s)   *POLICE SERGEANT*

                                        *Robert Adams, Jr.*

Date   *3-25-04*

UNITED STATES DISTRICT COURT
___N.____ DISTRICT OF GEORGIA

_____

MICHAEL SCOTT KREHER, et al ,

Plaintiff,

-against-                                    Civil Action No

CITY OF ATLANTA, GEORGIA

Defendant,

_____

## CONSENT TO BECOME A PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose

Name WILLIE M Adams III

Home Address 3577 RiveRview Club DR.
Ellenwood, Ga 30294

SS # 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

Employment Address 1500 Key rd. ATLANTA, GA. 30316

Job Title(s) Policeman

_William Adams III_

Date 4/16/04

UNITED STATES DISTRICT COURT
_____ N. _____ DISTRICT OF GEORGIA

MICHAEL SCOTT KREHER, et al ,

Plaintiff,

-against-                                    Civil Action No

CITY OF ATLANTA, GEORGIA

Defendant,

## CONSENT TO BECOME A PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose

Name *Chad A Alexander*

Home Address *50 Cliff Trl. Fayetteville GA.30215*

SS# *256375964*

Employment Address *1500 Key Rd Atlanta, GA.30316*

Job Title(s) *Police Officer*

_____

Date *April 16, 2004*

UNITED STATES DISTRICT COURT
_____*N.*_____ DISTRICT OF GEORGIA

MICHAEL SCOTT KREHER, et al ,

Plaintiff,

-against-                                Civil Action No

CITY OF ATLANTA, GEORGIA

Defendant,

## CONSENT TO BECOME A PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose

Name  Kelvin D Allen

Home Address  4586 Valley Pkwy  Apt H
Smyrna, GA 30082

SS #  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

Employment Address  675 Ponce De Leon Ave
Atlanta, GA

Job Title(s)  Police

Date  16 Apr 04

UNITED STATES DISTRICT COURT
_____N._____ DISTRICT OF GEORGIA

---

MICHAEL SCOTT KREHER, et al ,

Plaintiff,

-against-                                    Civil Action No

CITY OF ATLANTA, GEORGIA

Defendant,

---

## CONSENT TO BECOME A PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose

Name  *Kenneth N Allen*

Home Address  *602 Doublegate Court - Canton GA 30114*

SS #  *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*

Employment Address  *675 Ponce De Leon Ave*
*Atlanta, GA 30308*

Job Title(s)  *Investigator*

_____

Date

UNITED STATES DISTRICT COURT
_____ N. _____ DISTRICT OF GEORGIA

MICHAEL SCOTT KREHER, et al ,

Plaintiff

-against-                                          Civil Action No

CITY OF ATLANTA, GEORGIA

Defendant.

### CONSENT TO BECOME A PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose

Name  Renato Anaya Jr.

Home Address  3553 Butler Springs Trc
                     Kennesaw, GA. 30144

SS #  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

Employment Address

Job Title(s)  Police Officer

                              _____
                              Renato Anaya Jr.

Date