**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**MICHAEL SCOTT KREHER,**
**et al.,**

                         **Plaintiffs,**

        **v.**                                    **1:04-cv-2651-WSD**

**CITY OF ATLANTA, GEORGIA,**

                         **Defendant.**

## ORDER

This matter is before the Court on Plaintiffs' Motion for Conditional

Certification of the Class in this 29 U.S.C. § 216(B) Collective Action [32].  On

November 7, 2005, the Court held a hearing (the "Hearing") on Plaintiffs' motion.

At the Hearing, the Court reserved ruling on whether to certify the class

conditionally, pending the submission of additional factual information by Plaintiffs.

On November 23, 2005, Plaintiffs submitted their Supplemental Authority in Further

Support of their Motion for Conditional Certification of the Class in this 29 U.S.C.

§ 216(B) Collective Action [64] ("Pls.' Supplemental Authority").  On December 7,

2005, Defendant City of Atlanta ("Defendant") filed its Response to Plaintiffs'

Supplemental Authority in Further Support of their Motion for Conditional

Certification [65] ("Def.'s Resp. to Pls.' Supplemental Authority").

## I.    **BACKGROUND**

This is an action in which Plaintiffs seek to recover allegedly unpaid overtime

compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-

219, and seek a declaratory judgment under 22 U.S.C. §§ 2201-2202.  Plaintiffs are

police officers currently employed by the City of Atlanta.[1]  Plaintiffs allege they (i)

worked hours in excess of the statutory maximum without receiving the overtime

compensation required under the FLSA, (ii) were required to accept compensation

in the form of compensatory time instead of overtime pay without an agreement in

violation of the FLSA, and (iii) did not receive compensatory time at the FLSA-

required rate of one and one-half hours for each hour of employment for which

overtime compensation is required.  (Compl. [1].)

---

[1]  The named Plaintiffs in this action represent different categories of police officers.  They include SWAT Sergeant Christopher Leighty, Homicide Investigators Stephen Balkcom and Bret Zimbrick, Homeland Security Sergeant Michael Giugliano, Homeland Investigator Kenneth Allen, Training Academy Officers Kevin Knapp and Stephen Zygaj, Narcotics Investigators J.T. Summerlin and Jason Trombley, and Sergeant Michael Kreher.  (Pls.' Mot. for Conditional Cert. of Class at 9-10.)

Plaintiffs seek conditional certification of the class to pursue this action as a collective action under 29 U.S.C. § 216(b).  The conditional class would consist of current and former City of Atlanta police officers, who served with the City of Atlanta Police Department from September 10, 2001 to the present, and are similarly situated with Plaintiffs.  Plaintiffs claim "every single plaintiff and potential class member is alleging that the City's compensatory time practices, governed by Section 114-423 of the City of Atlanta Code of Ordinances[,] violates the FLSA's regulations regarding compensatory time . . . ."  (Pls.' Mot. for Conditional Cert. of Class at 10.)  Plaintiffs also request the Court to approve their proposed Notice of Lawsuit.  (See Notice of Lawsuit, attached as Ex. D to Pls.' Mot. for Conditional Cert. of Class)

At the Hearing, the parties addressed the Court's concern regarding the evidentiary basis for Plaintiffs' contention they are similarly situated to the class they seek to represent.  At the conclusion of the Hearing, the Court permitted Plaintiffs to supplement their pleadings on or before November 23, 2005, to provide a sufficient factual basis to conditionally certify a class under Section 216(b).  (Nov. 7, 2005 Hearing Tr. at 19-20.)  Specifically, the Court requested Plaintiffs to provide a factual predicate for (i) Plaintiffs' claims that the FLSA has

3

been questioned sufficiently for the Court to conditionally certify a class, and (ii)

the Court to determine which similarly-situated persons may be included in a notice.

(Id.)

In their supplemental response, Plaintiffs submit additional evidence

consisting of:

a)    The City's Seventh Defense asserted in its Answer
      to the Complaint, in which it admits that it pays
      overtime compensation to the plaintiffs in
      compensatory time rather than in cash (Exhibit
      "A");

b)    Declarations from both named plaintiffs and opt-in
      plaintiffs (Exhibits "C" through "I" and "L"[)]; and

c)    City Ordinance § 114-423, which permits the City
      to compensate plaintiffs for overtime in
      compensatory time instead of in overtime pay
      (Exhibit "B").

(Pls.' Supplemental Authority at 1-2.)  Plaintiffs claim this evidence demonstrates

the named Plaintiffs, the opt-in plaintiffs and the proposed class members are the

"victims of a unified policy," under which Plaintiffs (i) are paid compensatory time,

instead of overtime pay, without any agreement or understanding to do so, (ii)

receive compensatory time at the straight pay rate instead of at the rate of one and

one-half hours for each hour of overtime worked, and (iii) work overtime hours,

4

including hours worked performing work functions while not on shift, without any compensation.  (Id. at 2-6.)

Defendant contends Plaintiffs have failed to present any evidence they worked more than 171 hours in any 28-day work period to entitle them to overtime pay or compensatory time under the FLSA.[2]  Defendant further argues Plaintiffs' evidence demonstrates there is a "well-established understanding between the City and Plaintiffs about the providing of compensatory time off in lieu of overtime pay," that this understanding was in place well before 2001 and that Plaintiffs have accepted compensatory time off in lieu of overtime pay for a number of years. (Def.'s Resp. to Pls.' Supplemental Authority at 2.)  In the absence of evidence or allegations to establish a violation of the FLSA, Defendant argues Plaintiffs' Motion for Conditional Certification should be denied.

_____

[2]  Because Plaintiffs have admitted they are exempt from the provisions of Section 207(a)(1) because they are engaged in "law enforcement activities," Defendant argues Plaintiffs should voluntarily dismiss Count One or the Court should dismiss it with prejudice.  (Def.'s Resp. to Pls.' Supplemental Authority at 4 n.1.)  Defendant's contention appears to have merit.  However, this matter is currently before the Court on Plaintiffs' Motion for Conditional Certification of the Class and the Court will not consider Defendant's argument on this issue at this time.

II.   **DISCUSSION**

A.   Conditional Certification of the Class

Section 216(b) provides, in pertinent part:

> An action . . . may be maintained against any employer
> (including a public agency) . . . by any one or more
> employees for and in [sic] behalf of himself and other
> employees similarly situated.  No employee shall be a
> party plaintiff to any such action unless he gives his
> consent in writing to become such a party and such
> consent is filed with the court in which such action is
> brought.

29 U.S.C. § 216(b).  The opt-in provisions of Section 216(b) permit a plaintiff to

bring a collective action on behalf of himself and also on behalf of others similarly

situated.[3]

The Eleventh Circuit has approved the use of a two-tiered approach to

certifying collective actions under Section 216(b).  The first step of this analysis --

the "notice stage" -- requires the district court "satisfy itself that there are other

employees of the department-employer who desire to 'opt-in' and who are

_____

[3]  "[A] putative plaintiff must affirmatively opt into a § 216(b) action by filing
his written consent with the court in order to be considered a class member and be
bound by the outcome of the action."  Hipp v. Liberty Nat'l Life Ins. Co., 252
F.3d 1208, 1216 (11th Cir. 2001).

'similarly situated' with respect to their job requirements and with regard to their

pay provisions." <u>Dybach v. Florida Dep't of Corrections</u>, 942 F.2d 1562, 1567-68

(11th Cir. 1991). "The plaintiffs bear the burden of demonstrating a 'reasonable

basis' for their claim of class-wide discrimination." <u>Grayson v. K Mart Corp.</u>, 79

F.3d 1086, 1097 (11th Cir. 1996). <u>See also</u> <u>Haynes v. Singer Co., Inc.</u>, 696 F.2d

884, 887 (11th Cir. 1983) (noting plaintiff has the burden to demonstrate "a

reasonable basis for crediting their assertions that aggrieved individuals existed in

the broad class that they proposed.").[4]  To demonstrate substantial similarity,

"[p]laintiffs need show only that their positions are similar, not identical, to the

positions held by the putative class members." <u>Grayson</u>, 79 F.3d at 1096

(quotation and citation omitted). "[P]laintiffs may meet this burden, which is not

heavy, by making substantial allegations of class-wide discrimination, that is,

detailed allegations supported by affidavits which successfully engage defendants'

affidavits to the contrary." <u>Grayson</u>, 79 F.3d at 1097 (quotation and citation

─────────────────

[4] "Conditional certification is used to determine (1) the contour and size of
the group of employees that may be represented in the action so as to authorize a
notice to possible collective members who may want to participate, and (2) if the
members as described in the pleadings are 'similarly situated.'" 7B Wright, Miller
& Kane, <u>Federal Practice and Procedure</u> § 1807 at 488-89 (3d ed. 2005).

omitted).  "[C]ourts have held that plaintiffs can meet this burden by making a

modest factual showing sufficient to demonstrate that they and potential plaintiffs

together were victims of a common policy or plan that violated the law."  Hoffman

v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

> Because the court has minimal evidence, this
> determination is made using a fairly lenient standard, and
> typically results in "conditional certification" of a
> representative class.  If the district court "conditionally
> certifies" the class, putative class members are given
> notice and the opportunity to "opt-in."  The action
> proceeds as a representative action throughout discovery.

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting

Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)).[5]

The second determination for the district court is typically commenced by

defendant's filing of a motion for decertification.  This second step occurs after

notice, time for opting-in, and discovery have taken place.  Applying a stricter

standard, the Court makes a "factual determination on the similarly situated

question.  If the claimants are similarly situated, the district court allows the

_____

[5] Hipp involved a collective action brought under the Age Discrimination in
Employment Act of 1967 (the "ADEA").  In Cameron-Grant v. Maxim Healthcare
Services, Inc., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003), the Eleventh Circuit found
the Hipp analysis "relevant to FLSA collective actions . . . ."

representative action to proceed to trial." <u>Hipp</u>, 252 F.3d at 1218.  This two-tiered approach is only a suggested approach, and the decision to create an opt-in class under Section 216(b) is within the discretion of the district court.  <u>Hipp</u>, 252 F.3d at 1218.

Defendant's opposition to Plaintiffs' motion for conditional certification of the class is based on two arguments:  (1) Plaintiffs were not entitled to any overtime pay, and (2) Defendant and Plaintiffs had an agreement that Plaintiffs would be provided compensatory time off instead of overtime pay.

### 1.    *Entitlement to Overtime Pay*

Under the FLSA, Defendant is required to pay its police officers overtime compensation for all hours worked in excess of 171 hours in a 28-day period at a rate not less than one and one-half times the regular rate at which the officers are employed.  <u>See</u> 29 U.S.C. § 207(k); 29 C.F.R. § 553.230.[6]  Defendant argues its

---

[6] "For those employees engaged in law enforcement activities (including security personnel in correctional institutions) who have a work period of at least 7 but less than 28 consecutive days, no overtime compensation is required under section 7(k) until the number of hours worked exceeds the number of hours which bears the same relationship to 171 as the number of days in the work period bears to 28."  29 C.F.R. § 553.230.

policies comply with the FLSA because it awards Plaintiffs one hour of

compensatory time off for every hour worked in excess of 160 hours but below

171 hours in a 28-day period, and that when an employee works over 171 hours in

such a period, Defendant awards compensatory time off at a rate of one and one-

half hours off for every hour worked.[7]

At this stage of the litigation, the Court has minimal evidence before it.

Plaintiffs' burden on conditional certification is minimal and may be met by making

substantial allegations of FLSA violations, which are supported by affidavits, and

by demonstrating a reasonable basis for finding these violations were common to a

class of individuals.  Plaintiffs here submit evidence in the from of numerous

declarations that they and other employees of Defendant were subjected to unlawful

pay practices.  (See Declarations, attached as Exs. C-I and L to Pls.' Supplemental

Authority.)  Specifically, these declarations demonstrate that Plaintiffs (i) worked

overtime hours but were compensated in compensatory time at the rate of one hour

of compensatory time for each hour of overtime worked, and (ii) worked "a lot of

---

[7]  Defendant submits the affidavit of Lieutenant Hudson-Baker to support its argument.  (See Hudson-Baker Aff., attached as Ex. K to Def.'s Resp. to Pls.' Supplemental Authority, ¶ 6.)

time . . . while not on shift" and "receive[d] no compensation whatsoever, whether as compensatory time or paid time for this work." (See Kwitkin Decl. ¶¶ 2, 4; Collier Decl. ¶ 2; Trombley Decl. ¶¶ 3-4; Allen Decl. ¶¶ 3-4; Giugliano Decl. ¶¶ 3-4.)

Defendant's argument against conditional certification of the class essentially is an attack on the merits of Plaintiffs' claims.[8]  "The focus of this inquiry, however, is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated. . . .  [A] court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a similarly situated group exists." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54-55 (S.D.N.Y. 2005) (quotation and citation omitted); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) ("Once the Plaintiff makes a colorable claim

---

[8]  Defendant also claims the individualized nature of Plaintiffs' allegations regarding "working off the clock" makes these claims ill-suited for collective-action treatment.  Plaintiffs have alleged that many employees were subject to common policies which violated the FLSA.  The Court will consider whether the individualized nature of their claims requires decertification of the class at the appropriate time during the second stage of the analysis.

for relief, the only inquiry necessary is whether the potential plaintiffs to be notified

are similarly situated to the named plaintiff . . . .").  Defendant would require

Plaintiffs submit evidence of a highly particularized nature; such a standard would

place too high a burden on Plaintiffs at this preliminary stage in the litigation.[9]

Although lacking some detail, Plaintiffs' declarations establish the existence of

other employees employed in similar positions and subjected to similar policies.

Applying the Eleventh Circuit's "fairly lenient standard," Plaintiffs have

demonstrated a reasonable basis, albeit barely, to conclude they were entitled to

overtime pay and either did not receive any pay or were compensated at an

inadequate rate in violation of the FLSA, and there is a reasonable basis to

conclude these violations occurred on a class-wide basis.  Plaintiffs here have met

their burden to establish that sending notice to potential plaintiffs is appropriate.[10]

Accord Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 363-64 (M.D. Ala. 1999)

---

[9]  Although Defendant's contentions may have merit, the issues raised by
Defendant are appropriate for consideration during the second-stage analysis, and
not during the initial notice stage.

[10]  That Defendant admits granting Plaintiffs compensatory time indicates
Plaintiffs did in fact work excess hours during particular time periods.  Drawing
reasonable inferences in favor of Plaintiffs, when combined with Plaintiffs' other
allegations, there is sufficient evidence at this preliminary stage to find a possible
violation of the FLSA.

(drawing inferences in favor of plaintiffs to find other similarly-situated aggrieved individuals exist); <u>White v. Osmose, Inc.</u>, 204 F. Supp. 2d 1309, 1317-18 (M.D. Ala. 2002) (considering contradictory evidence submitted by employer but finding plaintiffs adequately demonstrated the existence of similarly-situated aggrieved individuals).[11]

      2.    *Acceptance of Compensatory Time Off Instead of Overtime Pay*

Under 29 U.S.C. § 207(o)(1), a public agency may provide compensatory time off, at a rate of one and one-half hours per hour of overtime compensation owed, in lieu of overtime pay. However, this practice of substituting compensatory

---

[11] Plaintiffs' allegations and testimony, in their totality, demonstrate the members of the proposed class were treated similarly in their alleged denial of overtime pay. "A connection among various employees' claims sufficient to support permissive joinder under Federal Rule of Civil Procedure 20(a) establishes that the employees are similarly situated for purposes of Section 216(b). Because a pattern or practice satisfies the same transaction or occurrence requirement of Rule 20(a), it also satisfies Section 216(b)." <u>Reed v. Mobile County Sch. Sys.</u>, 246 F. Supp. 2d 1227, 1233 n.10 (S.D. Ala. 2003) (citation and quotation omitted) (noting a pattern or practice of not paying employees earned overtime compensation would satisfy the similarly-situated requirement). <u>See also</u> <u>Grayson</u>, 79 F.3d at 1095 ("Essentially we hold that the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance).").

time for overtime pay is only permissible when applied pursuant to "applicable

provisions of a collective bargaining agreement, memorandum of understanding, or

any other agreement between the public agency and representatives of such

employees," or "an agreement or understanding arrived at between the employer

and employee before the performance of the work."  29 U.S.C. § 207(o)(2).  The

FLSA regulations further provide:

> An agreement or understanding may be evidenced by a
> notice to the employee that compensatory time off will be
> given in lieu of overtime pay.  In such a case, an
> agreement or understanding would be presumed to exist
> for purposes of section 7(o) with respect to any
> employee who fails to express to the employer an
> unwillingness to accept compensatory time off in lieu of
> overtime pay. However, the employee's decision to
> accept compensatory time off in lieu of cash overtime
> payments must be made freely and without coercion or
> pressure.

29 C.F.R. § 553.23(c)(1).

Here, there was no agreement between Defendant and a representative of

Plaintiffs.  Defendant argues under the second prong of the statute that there is a

well-established understanding between the Defendant and Plaintiffs that the City

would provide compensatory time in lieu of overtime pay.  Plaintiffs, on the other

hand, submit evidence the officers were compensated for overtime hours worked in

14

compensatory time rather than overtime pay, and that the officers "never agreed to accept compensatory time in lieu of overtime pay and would not do so given the choice." (See, e.g., Kreher Decl. ¶¶ 2-3; Kwitkin Decl. ¶ 2; Collier Decl. ¶¶ 2-3.)

Again, Defendant urges the Court to adjudicate the merits of Plaintiffs' claim at this preliminary stage of the proceedings. Plaintiffs have alleged violations of the FLSA, and, on the undeveloped record before it, the Court cannot determine conclusively if there was an understanding between Plaintiffs and Defendant, or if any such agreement was made freely and without coercion or pressure. For purposes of this motion, it is sufficient to find that Plaintiffs have provided a sufficient reasonable basis for finding a violation of the FLSA and the existence of a similarly-situated group of aggrieved individuals. Accordingly, conditional certification of the class is appropriate for purposes of sending notice to potential class members.[12]

---

[12] The Court's conclusion that there exists a similarly-situated group of aggrieved individuals is bolstered by Defendant's observation that there were originally 157 named Plaintiffs in this action and that approximately 100 additional consents to become Plaintiffs were filed with the Court since the filing of the Complaint. (See Def.'s Resp. to Pls.' Mot. for Conditional Cert. of Class at 2.)

While the Court finds this case may proceed to the next stage, Plaintiffs' submissions, Defendant's response, and that the dispute concerns the payment of public funds to public safety employees persuades the Court it should closely manage this litigation so that an initial decision may be made on the merits of Plaintiffs' claims.  Thus, it is important the issues regarding notice to potential class members and discovery proceed promptly.

B.    Notice to Class Members

To further the Congressional policy that plaintiffs be allowed to proceed collectively under Section 216(b), a district court has the authority and discretion to issue an order permitting a plaintiff to send notice of opt-in rights to potential members of the class.  See Grayson, 79 F.3d at 1096.  "Courts have held that the form and content of the notice is to be approved by the Court prior to mailing in order that present and after-the-fact disputes between counsel as to form and manner of consent may be eliminated."  Young, 229 F.R.D. at 56 (quotation and citation omitted).

The parties have submitted to the Court competing versions of a proposed notice of lawsuit to be sent to potential members of the class [32, 34].  The Court has carefully evaluated the proposed notices to determine how to fairly and

16

reasonably provide to potential class members information for them to evaluate whether to opt into the class.  Attached to this Order as Attachment "A" is the notice approved by the Court.

## III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Conditional Certification of the Class in this 29 U.S.C. § 216(B) Collective Action [32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel is authorized to transmit to potential class members the Notice of Lawsuit attached as Attachment "A" to this Order, provided such transmittal is made on or before April 19, 2006. The date anticipated to be included in paragraph X of the Notice of Lawsuit shall comply with paragraph IV of the Notice and shall be inputted before the Notice is printed and transmitted.

**IT IS FURTHER ORDERED** that the parties shall submit to the Court, on or before April 19, 2006, a detailed plan of discovery which provides for the completion of discovery by September 1, 2006.

**SO ORDERED**, this 20th day of March, 2006.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE